IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN LEE TORRES                                                                    PLAINTIFFS

v.                                          Civil No. 5:18-cv-05117

SHERIFF TIM HELDER; MAJOR
RANDAL DENZER; LIEUTENANT
FOSTER; LIEUTENANT REESER;
SERGEANT MORSE; SERGEANT
FULLER; SERGEANT AKE; SERGEANT
ARNOLD; SERGEANT GARDNER;
CORPORAL MULVANEY; SERGEANT
STANTON; JOHN AND JAN DOE
DETENTION OFFICERS; KARAS
MEDICAL SERVICE; DR. KARAS;
R. WALKER; TOMMY ROARK;
TINA WEBB; JESSIE ENGLAND;
and MR. HILL                                                                          DEFENDANTS

## ORDER

Plaintiff Justin Lee Torres filed this 42 U.S.C. § 1983 action *pro se* on June 20, 2018. Plaintiff's application to proceed *in forma pauperis* was granted on the same day. (ECF No. 4). An Amended Complaint was filed on August 1, 2018. (ECF No. 8).

On April 1, 2019, Plaintiff filed a notice of Change of Address indicating that he was now incarcerated in the State of Texas. (ECF No. 63). An Order was entered on April 8, 2019, granting Defendants' Motion to Extend Discovery and Motion for Summary Judgment Deadlines. (ECF No. 66).

The Washington County Defendants filed a Motion to Dismiss on April 3, 2019. (ECF No. 67). The Plaintiff was directed to file a response to the Motion by May 21, 2019. (ECF No.

1

70). In the Order, Plaintiff was "advised that failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (ECF No. 70). On May 13, 2019, the Order sent to Plaintiff was returned to the Court as undeliverable marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 74).

Separate Defendants Jessie England, Tina Webb, Tommy Roark, and Cynthia Irizarry filed a Motion to Dismiss on May 1, 2019. (ECF No. 71).

On May 7, 2019, the Washington County Defendants filed a Second Motion to Extend Discovery and Motion for Summary Judgment. (ECF No. 72). An Order was entered on May 7, 2019, granting the Motion and extending the deadlines again. (ECF No. 73). On May 20, 2019, the Order sent to Plaintiff was returned to the Court as undeliverable marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 75).

On May 23, 2019, the Defendants filed a Joint Motion to Dismiss with Prejudice for Failure to Prosecute and Obey a Court Order and Incorporated Brief in Support Thereof. (ECF No. 76). According to the Joint Motion, Defendants' attorneys were working on finalizing a May 7, 2019, deposition with the Plaintiff when they learned that the Plaintiff had been released from the Carrisalez-Rucker Detention Center on April 17, 2019 and had not updated his address with the Court.

Separate Defendants Jessie England, Tina Webb, Tommy Roark, and Cynthia Irizarry filed a Notice of Returned Mail on June 14, 2019, noting that the Joint Motion was returned to them by mail as "Return To Sender Not Deliverable As Addressed Unable to Forward" and with an annotation stating that Plaintiff was released from the facility which last housed Plaintiff on April 17, 2019. (ECF No. 77)

Plaintiff has failed to inform the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Plaintiff has repeatedly failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE WITH RESPECT TO ALL REMAINING DEFENDANTS**.

IT IS SO ORDERED THIS 18th day of June 2019.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE